**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 24-CR-20051-MARTINEZ**

**UNITED STATES**,

v.

**ALFRED LENORIS DAVIS,**

   **Defendant**.
 _____/

**UNITED STATES' REPLY IN RESPONSE TO THE DEFENDANT'S RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE AS INEXTRICABLY INTERTWINED OR UNDER**
**FEDERAL RULE OF EVIDENCE 404(B)**

The Government filed a Notice of Intent to Introduce Evidence as Inextricably Intertwined or Under Federal Rule of Evidence 404(b) [ECF No. 27]. The Defendant filed a Response [ECF No. 31]. It is not persuasive: in the Response, the Defendant confuses the fact of a conviction with the facts of conviction; mistakes his inability to accept the case against him with the Government's ability to prove it; believes that his disagreement with a theory of the Government's case prevents the Government from arguing it; fails to address any legal authority cited by the Government; and denies that testimonial evidence is evidence for the Court or jury to consider. If the Defendant's Response is construed as a Motion in Limine, then Government respectfully requests that the Motion be denied.

**BACKGROUND**

The Defendant is a convicted felon, both state and federal, who used a fake ID to pass a background check and obtain occupancy in Unit 2004 at 400 Sunny Isles, a luxury condominium. The fake ID that the Defendant used listed his name as Rod Lesperance and his current address as

Unit 903, also at 400 Sunny Isles. Because the fact that the Defendant is a convicted felon is inextricably intertwined with the charged offense, the Government asked the Defendant to stipulate to it. The Defendant refused. The Government also notified the Defendant that it intended to introduce testimony that the Defendant was known to 400 Sunny Isles because he had previously occupied Unit 903, as reflected in his fake ID. The Government filed a Notice of Intent explaining that it intended to introduce the fact (1) that the Defendant is a convicted felon; and (2) that the Defendant previously occupied 400 Sunny Isles as Rod Lesperance. [ECF No. 27].

## ARGUMENT

The Government filed the Notice of Intent in an abundance of caution. Because the evidence the Government seeks to introduce is intrinsic to the charged offense, no notice is required. *See, e.g.*, *United States v. Olaniyi*, 796 F. App'x 601, 606 (11th Cir. 2019) ("As the evidence was not extrinsic under Rule 404(b), the Government was not required to give pretrial notice of its intent to use the evidence at trial."). But even were the evidence extrinsic, the Government's Notice is sufficient, and the Defendant's Response provides no reason to exclude it. Rather, the Defendant argues that any evidence of the Defendant's guilt is "character evidence," Response at 7, and that the Government's evidence of the Defendant's intent and knowledge is "spaghetti against the wall," Response at 6. Yet other than reciting legal standards, the Defendant has cited no authority that holds the Government is not entitled to introduce the evidence that it has noticed, and makes no attempt to address the cases the Government offered in which such evidence was admitted.

Instead, the Defendant mistakenly argues that the Government does not provide "notice to the Defendant as to which prior conviction they intend to introduce." ECF No. 31 at 2. But this argument misreads the Notice and misses the point. The Government intended to introduce the

fact that the Defendant is a convicted felon, and not the Defendant's conviction. Now, though, because the Defendant refuses to stipulate to this incontrovertible fact, the Government must introduce one of the Defendant's prior convictions. *See United States v. Brey*, 627 F. App'x 775, 782 (11th Cir. 2015) ("[T]he accepted rule [is] that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away.") (quoting *Old Chief v. United States*, 519 U.S. 172, 189 (1997)).  A certified copy of the Defendant's federal judgment of conviction in the Southern District of Florida is attached to this Reply.  Ex. A, *United States v. Davis*, 04-CR-60024-WPD (S.D. Fla. Aug. 12, 2004).

If the Government were seeking to introduce the facts of the Defendant's prior convictions, then the Defendant could argue, as he has, about things like similarity and remoteness. *See* Response at 5. But the Government has not indicated it intends to introduce these facts or any of the Defendant's conduct that supports his convictions. As the Government has explained, it is entitled to introduce a defendant's prior conviction where that conviction is relevant to the defendant's motive. *See* Notice at 4 (citing *United States v. Alwali,* 434 Fed. App'x 886, 887 (11th Cir. 2011)); *United States v. Brigman*, 143 Fed. App'x 931, 935 (10th Cir. 2005).

The Defendant then further argues that there is no evidence to support one of the Government's theories of the case, that the Defendant used a fake ID to hide his criminal past from a background check. Instead, the Defendant offers other reasons why he committed his fraud, such as hiding his poor credit or prior evictions. *See* Response at 4. But none of these reasons vitiate the Defendant's criminal intent, and none of the Defendant's offered reasons are supported by the evidence. To the contrary, there *is* evidence that the Defendant is a convicted felon. Regardless, whatever the Defendant's motive to obfuscate his true self, he fraudulently obtained occupancy at 400 Sunny Isles. People who use fake IDs do so for a reason, and it is usually not benign. *See*

*United States v. Kloock*, 652 F.2d 492, 495 (5th Cir. 1981) ("One who carries false identification is often likely to have some illicit motive for doing so."). One argument the Government will make in this case is that the Defendant sought to hide his criminal past.

The Defendant, in the Response, also seeks to relitigate the Motion for Bill of Particulars, which the Court denied. The Defendant continues to claim ignorance about how he used the fake ID, *see* Response at 7, and now claims ignorance about his prior occupancy, *see* Response at 6. But the Government has provided the Defendant all records received from 400 Sunny Isles. This includes the fake ID that the Defendant used, which lists his address as Unit 903 at 400 Sunny Isles. And, the Government has notified the Defendant that it will introduce testimony that the Defendant was known to 400 Sunny Isles as Rod Lesperance. Such testimonial evidence is evidence, *see* Eleventh Circuit Pattern Jury Instructions B4 ("Evidence includes the testimony of witnesses . . . ."), and the testimonial evidence that the Government will introduce is consistent with the documentary evidence that the Defendant has received.

Finally, the Defendant seems to believe that any evidence that tends to show his guilt is evidence of propensity. Specifically, the Defendant argues that if the Defendant used a false alias at 400 Sunny Isles before, then the jury may infer that the Defendant used the false alias at 400 Sunny Isles again. That, of course, is a reasonable inference, since the jury can infer that Davis used a false alias at the same building when he previously had used the same false alias at the same building. According to the Defendant, though, this reasonable inference is "character evidence." Response at 7. It is not. The Government does not intend to introduce evidence that the Defendant previously submitted a fake ID to show that the Defendant was predisposed to living as someone else. Instead, as explained in the Notice, the Government seeks to introduce evidence of the Defendant's prior use of the same alias because it pertains to the context, motive, and set-up of the

Defendant's crime, as well as the Defendant's intent and knowledge. The evidence that the Government seeks to introduce is simply evidence of the Defendant's continued fraud. The probative value of this evidence is not substantially outweighed by a danger of unfair prejudice, and any prejudice can be sufficiently mitigated through the issuance of a limiting instruction.

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

BY:   /s/ Jonathan Bailyn
       Jonathan R. Bailyn, AUSA
       Court ID No. A5502602
       500 South Australian Ave, 4th Floor
       West Palm Beach, Florida 33401
       Phone: (561) 209-1050
       jonathan.bailyn@usdoj.gov