UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-CR-20051-JEM

**UNITED STATES**,

v.

**ALFRED LENORIS DAVIS,**

    **Defendant**.

_____/

### UNITED STATES' RESPONSE IN OPPOSITION TO
### THE DEFENDANT'S SECOND MOTION IN LIMINE

In 2018, the Defendant Alfred Davis used a counterfeit driver's license to pass a background check and occupy Unit 903 at a condominium building. In 2023, the Defendant used the same counterfeit driver's license, now listing Unit 903 as the address, to pass a background check and occupy Unit 2004 at the same building. In his Second Motion in Limine, ECF No. 44, the Defendant moves to exclude the evidence of his occupancy of Unit 903 for same reason the Defendant has already moved to exclude this evidence: by arguing that is inadmissible character evidence. It is not. As the Government has explained in its Notice of Intent to Introduce Evidence, ECF No. 27, the evidence of the Defendant's 2018 occupancy is inextricably intertwined with the Defendant's 2023 offense, or, alternatively, it is probative of the Defendant's intent, knowledge, and identity. The Defendant's former and current occupancy constitute a years-long scheme to defraud the same victim by the same method. The Second Motion in Limine should be denied.

### BACKGROUND

The FBI has been investigating the Defendant for various financial crimes. The FBI's investigation revealed that the Defendant may have been living at Unit 2004 at 400 Sunny Isles, a

luxury condominium in Miami, Florida. FBI Agents visited 400 Sunny Isles and spoke with the property management. The property management showed the FBI the driver's licenses of the current occupants of Unit 2004. One driver's license was for the Defendant's mother. The other driver's license showed the Defendant's picture but listed the name as Rod Lesperance and his prior address as Unit 903 at 400 Sunny Isles. The property management told the FBI that the Defendant was known to 400 Sunny Isles as Rod Lesperance and that he had lived at Unit 903 previously.

The Government requested records from 400 Sunny Isles for Unit 2004 and Unit 903. The Government first received the property file for Unit 2004. The property file included a copy of the Defendant's counterfeit driver's license and a background check that was run on April 13, 2023 using the Defendant's alias. The Defendant was charged by indictment with access device fraud occurring on or about April 13, 2023. The Government produced this property file to the Defendant on the day of his arraignment, February 15, 2024. ECF No. 13. The Government continued to request records from 400 Sunny Isles regarding the property file for Unit 903. The Defendant's private investigator has also visited and spoken with the property management at 400 Sunny Isles.

On April 23, 2024, the Government filed a Notice of Intent to Introduce Evidence As Inextricably Intertwined Or Under Federal Rule of Evidence 404(b), stating that the Government intended to introduce "evidence . . . that the Defendant previously lived at 400 Sunny Isles under the alias Rod Lesperance," ECF No. 27 at 1, specifically, evidence of his "previous occupancy at Unit 903," *Id.* at 5.

On May 1, 2024, the property management provided the Government the property file for Unit 903. Like the property file for Unit 2004, the property file for Unit 903 included a copy of

the Defendant's counterfeit driver's license and a background check that was run in 2018. The Government produced these documents to the Defendant the same day. ECF No. 40. As ordered during the calendar call, Government filed a Witness and Exhibit List on May 10, 2024, and listed documents related to Unit 903 and Unit 2004.

The Defendant now moves to exclude the documentary evidence of his prior occupancy at Unit 903, after having already moved to exclude evidence of his "prior lease," ECF No. 31 at 6, and having moved to exclude "any references to crimes not charged in the indictment," ECF No. 24 ¶ 2. In the Second Motion in Limine, the Defendant argues that he did not have notice of the Government's evidence and that the evidence of the Defendant's prior occupancy is inadmissible character evidence.[1]

## ARGUMENT

The Defendant's 2018 fraud against the same victim by the same method at the same location and for the same purpose is inextricably intertwined with the Defendant's 2023 offense. Therefore, no notice is required. If, however, the Defendant's prior fraud is considered a prior bad act under Federal Rule of Evidence 404(b), then the Government has given the Defendant reasonable notice of its intent to introduce this evidence. In either case, the evidence of the Defendant's prior fraud

---

[1] The Defendant briefly argues that "it is unclear how the Government intends to introduce evidence of an uncharged crime from 2018." ECF No. 44 at 3. This should not be unclear. The Government listed a representative from the property management on its witness list; and the Government filed a Notice To Intent Introduce Evidence Under Federal Rule of Evidence 902(11) evidence, with a certification of domestic records signed by records custodian, ECF No. 40. The Defendant has not challenged the authenticity of these records and therefore this evidence will be admitted. *See, e.g.*, *Wells Fargo Bank, Nat'l Ass'n v. Choice Medicine: Hwy 53 Med. Ctr.*, 614 F. Supp. 3d 1022, 1026–27 (N.D. Ala. 2020) ("Rule 902(11) provides that documents meeting the requirements of Rule 803(6)(A)-(C) are self-authenticating and "require no extrinsic evidence of authenticity in order to be admitted."); *United States v. Langford*, 647 F.3d 1309, 1327 (11th Cir. 2011) (admitting business records where the defendant "did not challenge the authenticity of the documents").

is not evidence of his character. Rather, it is evidence that shows that the Defendant and not another person committed the fraud charged in the Indictment and that the Defendant, when he committed it, knew what he was doing and why he was doing it.

### A. THE DEFENDANT'S IDENTICAL FRAUD IS NOT CHARACTER EVIDENCE

The Defendant argues that the Defendant's prior fraud against 400 Sunny Isles is character evidence. The Defendant does not explain what character trait this evidence goes to, but merely comments that "it is unclear . . . what probative value these documents would have aside to show propensity that if the Defendant allegedly committed a crime in 2018, he must have done so in 2023." ECF No. 44. The probative value this evidence should not be unclear. The Government has explained the purpose of this evidence in its Notice and in its Reply to the Defendant's previous attempt to exclude this evidence. *See generally* ECF Nos. 27 & 34. The Defendant intentionally used the name Rod Lesperance to pass a background check because he had previously used the name Rod Lesperance to pass a background check at the same building. "When asked to provide a driver's license for his background check for Unit 2004, the Defendant could not have provided a license in any other name. If he had, he would have been found out." ECF No. 27 at 3. Further explained, evidence of the Defendant's prior fraud "will show why the trial witnesses knew the Defendant as Rod Lesperance even before the date charged in the indictment, why the listed address on the counterfeit driver's license was 400 Sunny Isles, and why the Defendant used the name Rod Lesperance." *Id.*

In this case, the Government is not introducing evidence of just any crime. The Government is introducing evidence of the Defendant's same crime—the use of a counterfeit driver's license with the name Rod Lesperance to pass a background check—against the same victim, 400 Sunny Isles. The Eleventh Circuit "repeatedly has held that evidence of uncharged

conduct that is part of the same scheme or series of transactions and uses the same modus operandi as the charged offenses is admissible as intrinsic evidence outside the scope of Rule 404(b)." *United States v. Pearson*, 832 F. App'x 679, 688 (11th Cir. 2020) (quoting United States v. Ford, 784 F.3d 1386, 1394 (11th Cir. 2015)); *see, e.g.*, *United States v. Ford*, 784 F.3d 1386, 1394 (11th Cir. 2015) (admitting testimony by "additional victims concern[ing] fraudulent tax returns that were filed by [the defendant], during the same time period, and using the same methods").

The Defendant's attempt to categorize this prior bad act as character evidence negates the doctrine of inextricably intertwined evidence and Federal Rule of Evidence 404(b), both of which permit the Government to introduce a defendant's prior bad acts. The Government can introduce a bank robber's prior robbery without it being character evidence. *See, e.g.*, *United States v. Lamb*, 831 F. App'x 938, 940 (11th Cir. 2020). The Government can introduce a thief's prior theft without it being character evidence. *See, e.g.*, *United States v. Baptiste*, 618 F. App'x 593, 597 (11th Cir. 2015) (admitting evidence of the defendant's prior credit card fraud under Rule 404(b) in a prosecution for theft of government funds). More specifically, the Government can introduce a defendant's use of a false identity in a prosecution for a *different* crime without it being character evidence. *See United States v. Joseph*, 978 F.3d 1251, 1263 (11th Cir. 2020) (holding that "Joseph's use of Desire's false identity to rent the property in which he stored the narcotics was inextricably intertwined with the narcotics offenses and was not inadmissible under Rule 404(b)" because "[t]hat evidence established that Joseph, not Desir, leased the property and exercised dominion and control over the drugs"). The list of cases in the Southern District of Florida and the Eleventh Circuit in which prior bad acts has been admitted is endless.

Evidence only becomes character evidence if it is admitted to show that the Defendant "had a criminal disposition and would act in conformity therewith." *E.g.*, *United States v. Ware*, 420

-5-

Fed. App'x 886, 891 (11th Cir. 2011). This is not that case. The evidence of the Defendant's prior occupancy is being introduced either as inextricably intertwined evidence to explain the story of the Defendant's crime, which began before April 13, 2023, or alternatively to show that it is more likely that the Defendant used the counterfeit driver's license as charged in the Indictment because he had used the same counterfeit driver's license before, that the Defendant knew the purpose of providing 400 Sunny Isles with the counterfeit driver's license, and that the Defendant intended to use that counterfeit driver's license to unlawfully obtain occupancy.

### B. THE GOVERNMENT GAVE THE DEFENDANT NOTICE OF ITS INTENT TO INTRODUCE HIS PRIOR FRAUD

The Defendant also argues that he was not put on sufficient notice of his prior occupancy at 903. This argument is incorrect as a matter of law and fact. First, the Defendant's prior occupancy at 903 is intrinsic evidence of the Defendant's crime. As such, it does not require pre-trial notice. *See, e.g., United States v. Olaniyi*, 796 F. App'x 601, 606 (11th Cir. 2019) (As the evidence was not extrinsic under Rule 404(b), the Government was not required to give pretrial notice of its intent to use the evidence at trial."). Second, even were the Defendant's previous occupancy extrinsic evidence, the Government's notice is sufficient.

Rule 404(b) is a "generalized notice provision," Fed R. Evid. 404(b) advisory committee's note to 1991 amendment, requiring that the Government "must only provide notice of the 'general nature' of the extrinsic act evidence." *United States v. Lampley*, 68 F.3d 1296, 1300 n.4 (11th Cir. 1995); *see United States v. Barnes*, 49 F.3d 1144, 1148-89 (6th Cir. 1995)("[T]he government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature."). The Government has done so, notifying the Defendant that intended to introduce "evidence . . . that the Defendant previously lived at 400 Sunny Isles under the alias Rod Lesperance," ECF No. 27 at 1, specifically, his "previous occupancy at Unit 903," *Id.* at 5. In the

argument section of the Government's Notice, the Government explained that the jury could find that the Defendant had committed the prior bad act through the counterfeit driver's license, which lists his address as Unit 903, and testimony of the property management. But the Government did not limit its Notice nor circumscribe its proof to only that evidence. Rule 404(b) does not require the Government to specify each piece of evidence it seeks to introduce to prove the Defendant committed a prior bad act. *See United States v. Escalona*, No. 22-20423-CR-Goodman/Scola, 2023 WL 3093630, at *4 (S.D. Fla. Apr. 25, 2023) ("Although the United States sometimes makes Rule 404(b) disclosures with information about specific dates and names, especially if the prior act is a one-time event at a specific location, this level of detail is not required") (citing *United States v. Stoecker*, 920 F. Supp. 876, 883 (N.D. Ill. 1996) (rejecting the defendant's request for "specific evidentiary detail," including statements and documents, underlying the prosecution's notice because "such detail is not required by the rule, which provides only that the prosecution provide reasonable notice in advance of trial of the general nature of any other act evidence")). Indeed, were the Government to discover that the Defendant lived at yet another unit at 400 Sunny Isles under a false alias, the Government's Notice is sufficient to allow for that evidence too. *See United States v. Lampley*, 68 F.3d 1296, 1300 n.4 (11th Cir. 1995) (introducing evidence of additional cocaine transactions on a different date than the single transaction identified in the notice).

    The Court may consider three factors when determining the reasonableness of pretrial notice under Rule 404(b): "(1) [w]hen the Government, through timely preparation for trial, could have learned of the availability of the witness [or evidence]; (2) the extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) how significant the evidence is to the prosecution's case." *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994). Under

these factors, the Government's Notice was reasonable. First, the Government produced the property file for Unit 903 immediately upon receiving it. This factor weighs in the Government's favor. *See United States v. Valenti*, 60 F.3d 941, 42 Fed. R. Evid. Serv. 825 (2d Cir. 1995) ("The government furnished records of the transfers only four days before trial. Assuming . . . that Rule 404(b) controls, . . . the government provided reasonable notice by giving the documents to him on the very day it obtained them"); *United States v. Walden*, No. 03-20566-CR, 2004 WL 7338550, at *10 (S.D. Fla. Jan. 26, 2004) (finding notice timely where the "the Government's counsel provided notice to the Defendants promptly upon discovering the witness," specifically, "the Government met with the witness on October 7, 2003, and provided notice that same day to the Defendants"). Second, the Defendant makes no specific claim that he has been prejudiced by any inability to prepare, nor can he: the Defendant knew of his prior fraud and the Government's intention to prove it. He knew of it because he himself committed it; the Government notified the Defendant twice, by email and a court filing, that the Government intended to introduce it; and the Defendant's private investigator has spoken with the property management at 400 Sunny Isles both before and after it received this evidence. Third, this evidence is significant to the Government's case. This case is about a false identity; therefore, the Defendant's identity is an issue. This case is about an intent to defraud; therefore, intent is an issue. "Prior crimes" like the Defendant's "involving deliberate and carefully premeditated intent—such as fraud and forgery—are far more likely to have probative value . . . than prior crimes involving a quickly and spontaneously formed intent—such as assault. *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991) (internal quotation and citations omitted). The probative evidence in this case of the Defendant's prior and identical fraud should therefore not be excluded.

**CONCLUSION**

The Defendant's fraud in 2018 is a textbook example of evidence that may be admitted either as inextricably intertwined evidence or as circumstantial evidence under Federal Rule of Evidence 404(b).  The Defendant has been made aware of the Government's intent to introduce it.  For these reasons, the Defendant's Second Motion in Limine, ECF No. 44, should be denied.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

BY:    /s/ Jonathan Bailyn
        Jonathan R. Bailyn, AUSA
        Court ID No. A5502602
        500 South Australian Ave, 4th Floor
        West Palm Beach, Florida 33401
        Phone: (561) 209-1050
        jonathan.bailyn@usdoj.gov