UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cr-20051-JEM

**UNITED STATES OF AMERICA**
             **Plaintiff,**

**vs.**

**ALFRED LENORIS DAVIS,**
             **Defendant.**

_____/

## DEFENDANT'S MOTION FOR A NEW TRIAL

Defendant, Alfred Leonoris Davis, moves this Court pursuant to Federal Rule of Criminal Procedure 33 for a new trial on the counts of conviction. This motion hereby adopts previously made objections and motions, including Motions in Limine and Motions to Exclude 404(b) evidence/ Response to the Government's 404(b) notice. In this pleading, Mr. Davis elaborates on his arguments in support of granting a new trial: the prosecution's (a) introduction of prejudicial evidence, including two previous felony convictions, and (b) its failure to present sufficient evidence that he was the person who committed these prior crimes. These prior crimes became the main feature of the trial, and unduly prejudiced the defense.

### I. The New Trial Standard

New trials should be granted to avoid a miscarriage of justice. *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985). Unlike a Rule 29 motion, this Court need not view the evidence in the light most favorable to the verdict winner, and can make its own credibility determinations. *Id*. at 1312. A new trial is warranted if the verdict is against the weight of the evidence and can be granted even if this Court concludes that the evidence is sufficient to convict. *Id*. Accordingly, this Court can grant a new trial even if it deems the evidence sufficient on any count (for the reasons stated in Mr. Davis' Motion for Judgment of acquittal, filed contemporaneously herewith, Mr. Davis

maintains that the evidence was insufficient to convict).  Each issue discussed below supports, on its

own merits, the grant of a new trial; their cumulative impact compels this remedy.

**A. Defendant Was Prejudiced by the Prosecution's Introductions of a Prior Crime,  Two Prior Convictions and the Government Misrepresented the Contents of the Evidence to the Court**

Over defense objection, this Court permitted the Government to introduce evidence of a prior

2018 alleged use of a counterfeit driver's license, as well as two prior convictions into evidence. At

the close of the Government's evidence, Mr. Davis renewed his objections, and asked the Court to

exclude the two prior convictions, because the Government failed to establish that those convictions

are related to the Defendant. The Government introduced Government's Exhibit 13, a 2004 federal

conviction of "Alfred L. Davis", and Government's Exhibit 15, a 2010 state conviction of "Alfred

Davis", with a copy of fingerprints attached to it. Mr. Davis argued that the Government did not

compare the fingerprints attached to the State conviction (Ex. 15) to his prints, and failed to establish

by any other means that Alfred L. Davis and Alfred Davis in those two previous convictions are the

same person as the defendant Alfred Leonoris Davis in the present case. When the Court inquired

from the Government as to why no one compared the prints and how they could link the convictions

to Mr. Davis, the Government told the Court that they have not compared fingerprints, but that the

Government's Exhibit 15 contained the date of birth of the person convicted, January 17, 1974, which

was the same date of birth of the Defendant. In response, the defense argued that that there was

nothing in Exhibit 15 showing a date of birth, but the Government doubled down on their argument

and said that the date of birth was on the first page. This was not correct! The Court never asked to

review the Exhibit and presumably relied on the Government's misrepresentation that Exhibit 15

contained the same date of birth as the defendant's date of birth, therefore believing that the

Government could somehow establish that the prior conviction introduced belonged to Alfred Davis.

The Court allowed the Government to proceed at the time. Government's Exhibit 15 did not have

any identifying information such as a date of birth (See Attached exhibit).  These exhibits clearly should not have been admitted, as it is well-settled that, for evidence of prior crimes to be admissible, there must be sufficient proof of the prior act to allow a jury to determine that the defendant committed the prior act.  *United States v. Sanders*, 668 F.3d 1290, 1314 (11th Cir. 2012).

In addition, Exhibits 13 and 15 involved extrinsic offenses that closely resembled the offense charged in this case.  "The more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant [since it increases t]he likelihood that the jury will convict the defendant because he is the kind of person who commits this particular crime."  *United States v. Beechum*, 582 F.2d 898, 915 n. 20 (5th Cir. 1978) (en banc).

The government attempted to justify the admission of Mr. Davis' two prior convictions on the ground that they established his "motive," claiming that "[t]he Defendant's use of a false identity to fraudulently obtain occupancy is analogous to those defendants who use false identities to purchase firerams."  DE 27 at 5.  This argument lacks merit; the two situations are not analogous.  It is a federal crime for a convicted felon to purchase a firearm.  Hence, the fact of his prior conviction is both an *essential element* of the offense of unlawful purchase of a firearm, and relevant to his reason for using a straw purchaser to purchase the firearm, or to his use of a false identity.  DE 27 at 5-6.  But a convicted felon is not ineligible to rent a place to live (and such a discriminatory practice would unfairly prevent convicted felons from re-integrating into civil society).  The analogy fails.

**B. No one was able to Identify the Defendant in Court**

The Government failed to have any of the witnesses identify Mr. Davis in Court. While Mr. Jean-Pierre testified he met Rod Lesperance, he never identified Mr. Davis as the person he knew as Rod Lesperance.  Further, Mr. Brown has never seen or heard of Mr. Davis.  Finally, the special agent never identified Mr. Davis in court.

**C. The Court Erred in Rejecting Defendant's Proposed Instructions**

Mr. Davis renews all of his objections to the denial of his proposed instructions, see DE 26, and incorporates here the arguments made in his Motion for Judgment of Acquittal, filed contemporaneously herewith.

Mr. Davis proposed language (*see* DE 26 at 25) based on the Ninth Circuit's decision in *United States v. Saini*, 23 F.4th 1155, 1160 (9th Cir. 2022) ("We hold that . . . the government must prove that the defendant had the intent to deprive a victim of money or property by deception"). This Court declined to give this instruction. Yet, this instruction was essential to ensure that the jury find the essential element of a § 1029(a) violation, namely that the defendant, by deception, *intended* to deprive a person of *money*, or *property*. By failing to give this instruction, this Court deprived Mr. Davis of having the jury consider his valid defense that, in this case, absent evidence of a victim's loss of money, or property, or of any intent by Mr. Davis to cause such a loss, the evidence was insufficient to establish that he harbored the requisite *mens rea* to commit the crime. *See*, *e.g.*, *United States v. Ruan*, 56 F.4th 1291, 1298 (11th Cir. 2022) (reversing conviction because "a properly instructed jury may not have convicted the defendants"). Had the requested instruction been given, defense counsel in closing would have been able to argue to the jury that Mr. Davis' conduct did not violate § 1029(a)(1), because he did not intend to deprive a person of money, or property.

**Conclusion**

For the foregoing reasons, this Court should grant Defendant a new trial.

Respectfully submitted,

BOZANIC LAW, P.A.
17100 Royal Palm Blvd., Suite 1
Weston, FL 33326
Telephone:  954.920.9750
Facsimile:  954.400.0335

E-Mail: Zeljka@bozaniclaw.com

/s/*Zeljka Bozanic*

By:_____

Zeljka Bozanic
Florida Bar No.  23707


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on May 27, 2024, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.


/s/*Zeljka Bozanic*

By:_____

Zeljka Bozanic